394 A.2d 965

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**David DUFFY, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 25, 1978.

Decided Nov. 18, 1978.

Vincent R. Baginski, Pittsburgh, for appellant.

Jess D. Costa, Dist. Atty., George E. Anthou, Asst. Dist. Atty., Washington, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO, and LARSEN, JJ.

## OPINION

EAGEN, Chief Justice.

Appellant, David Duffy, was indicted on charges of accessory before and after the fact to burglary and larceny, receiving stolen property, and conspiracy. At trial, before voir dire, a conference took place at sidebar between the trial judge, the assistant district attorney, and Duffy's counsel (hereinafter referred to as trial counsel). Trial counsel raised two matters. First, he objected to the presence of police officers in the courtroom during jury selection. The objection was overruled and an exception noted. Second, he discussed an allegation about his role in the case to be tried:

"[Trial Counsel:] [T]he Office of the District Attorney has suggested that one of the prosecution witnesses might make some statement implicating me in some way in, the disposition of these weapons. If that's the case, I would ask for the revelation of that information immediately, and ask for a continuance to give the defendant the opportunity to obtain other counsel. Such a thing . . . would be extremely prejudicial to my client . . . .

"[Mr. Anthou (D.A.):] Your Honor, . . . it is my intention not to introduce that evidence. I am not certain whether it is valid or not, in any event, but I don't want it in the case in any—

"The Court: Is it relevant to this case?

"[Mr. Anthou (D.A.):] It is, I think, if it were true, but I think it would be so prejudicial that it might vitiate the case altogether.

"[Trial Counsel:] The suggestion, by apparently one of the witnesses, was that I was to be the recipient of some of the fruits in order of fee, is that correct?

"[Mr. Anthou (D.A.):] That's correct.

"[Trial Counsel:] I don't think there is any suggestion that I ever actually received them, but it's this sort of nonsense that would be highly prejudicial to Mr. Duffy.

"The Court: Well, the District Attorney has advised the Court that they do not intend to permit that evidence to be placed on the record.

"[Trial Counsel:] I certainly would take the necessary steps to caution whoever this came from, so that there is—

"The Court: We would direct the District Attorney to do that, and with that understanding we will overrule your . . . objection. Note an exception."

The allegation was not elicited during trial from any witness by either counsel. The trial proceeded without major incident; the court directed a verdict of acquittal on the conspiracy count at the close of the Commonwealth's case. During his charge to the jury, however, the trial

judge referred to the defendant one time as a "prisoner." The jury found Duffy guilty of accessory before and after the fact to burglary and larceny, and of receiving stolen property.

Duffy, through trial counsel, filed post-verdict motions on various grounds, none of which are now before this Court. Before action was taken on the motions, trial counsel was disbarred by this Court because of a conviction in the United States District Court for the Western District of Pennsylvania on mail fraud charges. Later, represented by new counsel, Duffy amended his post-verdict motions to include allegations of error based on: (1) the failure of the trial court to declare a mistrial after referring to him as a "prisoner" in the charge to the jury; and, (2) the failure of the trial court to take action to protect his right to counsel after defense counsel's alleged conflict of interest was disclosed. The motions were denied, and Duffy was sentenced to four and one-half years imprisonment and ordered to pay court costs and $6,000 restitution to the victim. A divided Superior Court affirmed.[1] Duffy petitioned this Court for allowance of appeal, and the petition was granted. Because of our disposition, we need only consider one argument advanced by Duffy.

Duffy claims he was denied effective assistance of counsel when it was "disclosed at trial" that part of the fruits of the crime allegedly were to be used to pay trial counsel for his services. The allegation, made by a prosecution witness, was disclosed, as noted before, to the trial judge at sidebar, before voir dire, in a conference which included the assistant district attorney. While trial counsel initially requested a continuance in order for Duffy to obtain new counsel because of the allegation, once he was satisfied the assistant district attorney planned not to introduce the testimony, trial counsel abandoned his request. The record does not reveal whether Duffy was aware of the allegation concerning his attorney or of the pretrial conference between defense counsel, the prosecutor, and the trial judge.

1. *Commonwealth v. Duffy*, 252 Pa.Super. 148, 381 A.2d 157 (1977).

It is well-settled that the Sixth Amendment right to counsel is normally satisfied only when an attorney's loyalty lies solely with his client. See *Holloway v. Arkansas,* 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978); *Von Moltke v. Gillies,* 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948); *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Code of Professional Responsibility, Disciplinary Rule 5–101(A)[2] (allowing such representation following disclosure and consent) [Hereinafter: Code]. This important principle is incorporated in the Code, Ethical Consideration 5–1, as follows:

> "The professional judgment of a lawyer should be exercised, within the bounds of the law, solely for the benefit of his client and free of compromising influences and loyalties. Neither his professional interests, the interests of other clients, nor the desires of third persons should be permitted to dilute his loyalty to his client."

While some conflict of interests cases have resulted from attorneys' personal interests,[3] most such cases have arisen when one attorney represents more than one party, usually co-defendants, in the same action.[4] Thus, the applicable principles are often stated in terms of the multiple representation problem. While representation of co-defendants by a single attorney does not, of itself, establish the existence of a conflict of interests, *Commonwealth v. Wilson,* supra at 463, 240 A.2d at 501, once a conflict has been established in that context, relief will be granted without the need to prove actual prejudice. *Commonwealth ex rel. Whitling v. Russell,* supra. See *Holloway v. Arkansas,* supra. So too, if

2. American Bar Association Code of Professional Responsibility (1970). The Code was adopted by the Supreme Court of Pennsylvania on May 20, 1977, 438 Pa. at XXV, and amended and revised April 29, 1977, Pa. Rules of Court (1978).

3. See e. g., *United States v. Hurt,* 177 U.S.App.D.C. 15, 543 F.2d 162 (1976); *United States ex rel. Simon v. Murphy,* 349 F.Supp. 818 (E.D. Pa.1972).

4. See e. g., *Holloway v. Arkansas,* supra; *Commonwealth v. Wilson,* 429 Pa. 458, 240 A.2d 498 (1968); *Commonwealth ex rel. Whitling v. Russell,* 406 Pa. 45, 176 A.2d 641 (1962).

a conflict of interests, i. e., a conflict between counsel's and his client's interests, is here established, we believe relief must be granted without regard to a showing of harm.[5]  Cf. *Commonwealth ex rel. Whitling v. Russell,* supra, in accord *Holloway v. Arkansas,* supra.

The record reveals trial counsel knew that a prosecution witness had claimed that he, counsel, was to receive stolen guns as payment for legal services and that prosecutorial officials were aware of this witness' allegation.  Under such circumstances, trial counsel would have had a "personal interest," see Code, Disciplinary Rule 5–101(A), in having Duffy acquitted in order to lessen any possibility of ever being convicted or charged with participation of any kind in the crime with which Duffy was charged, and in order to lessen any possibility that such an allegation might be publicly disclosed and thereby tarnish his professional reputation.  Furthermore, trial counsel's personal interest in lessening any possibility of criminal charges being brought, a criminal conviction being obtained, or public disclosure being made would have been advanced by an acquittal whether or not the allegation were true because an acquittal would have removed the primary basis for wrongdoing contained in the allegation.

On the other hand, Duffy clearly had an interest in obtaining advice with regard to what plea he should enter because the Sixth Amendment guarantees a right to pretrial counseling and assistance in plea bargaining negotiations. See e. g., *Holloway v. Arkansas,* supra at 490, 98 S.Ct. 1173. Furthermore, he had a right to such advice from counsel

5.  Although these principles were developed in cases in which attorneys represented more than one party, they should be equally applicable when an attorney represents a client whose interests may conflict with his own.  As one court has observed:

"To be sure, most conflicts of interest seen in criminal litigation arise out of a lawyer's dual representation of co-defendants, but the constitutional principle is not narrowly confined to instances of that type. . . . Competition between the client's interests and counsel's own interests . . . corrupts the relationship when counsel's duty to his client calls for a course of action which concern for himself suggests that he avoid."  [Footnotes omitted.] *United States v. Hurt,* supra at 19, 543 F.2d at 166.

176

whose judgment would not be, or would not be reasonably expected to be, influenced by counsel's own interests. See Code, Disciplinary Rule 5–101(A). Such advice Duffy did not receive because trial counsel's interest existed whether or not the allegation were true.

Finally, while Duffy may have been aware of counsel's agreement to accept the guns as payment if the allegation were true, Code, Disciplinary Rule 5–101(A) allows representation by counsel whose exercise of his professional judgment on behalf of his client may be affected by counsel's personal interests only after full disclosure of the interest and consent. Mere knowledge by Duffy that he would pay counsel with stolen goods would not constitute full disclosure, which contemplates some explanation of what counsel's interest is and how his judgment might be affected, and hardly could be considered as showing a knowing consent to such representation.

Since a conflict of interests existed, relief must be afforded. Cf. *Commonwealth ex rel. Whitling v. Russell,* supra; *Holloway v. Arkansas,* supra; Code, Disciplinary Rule 5–101(A).

The order of the Superior Court is vacated, the judgment of sentence is reversed, and a new trial is granted.