BASKIN, Judge.
Appellant Morales challenges the trial court’s denial of his motion, filed pursuant to Florida Rule of Criminal Procedure 3.850. Morales contends, among other grounds, that trial counsel labored under a conflict of interest in his representation, depriving Morales of effective assistance of counsel. We agree. The record indicates that Morales’ counsel was subject to personal concerns regarding the effect of his trial conduct. Those concerns constituted the active representation of “ ‘conflicting interests’ ” which “ ‘adversely affected his ... performance,’ ” Strickland v. Washington, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674, 696 (1984) (quoting Cuyler v. Sullivan, 446 U.S. 335, 350, 348, 100 S.Ct. 1708, 1719, 1718, 64 L.Ed.2d 333, 346-47, 347 (1980)), and inhibited the zealous representation required of attorneys. Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948). See generally, United States v. Barnes, 662 F.2d 777 (D.C.Cir.1980); United States v. Hurt, 543 F.2d 162 (D.C.Cir.1976); Commonwealth v. Duffy, 483 Pa. 170, 394 A.2d 965 (1978). We therefore vacate the order of the trial court, reverse the judgment, and remand for a new trial.
Reversed and remanded.