J-S50034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD R. RUTH | |
| Appellant | No. 2628 EDA 2014 |

Appeal from the Judgment of Sentence June 5, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0008015-2011

BEFORE:  PANELLA, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED SEPTEMBER 23, 2015**

Appellant Richard R. Ruth appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas on June 5, 2014 following his jury trial convictions for nine counts of prescribing a controlled substance to a drug dependent person,[1] ten counts of unlawful prescription of a controlled substance by a practitioner,[2] and one count each of insurance

_____

[1] 35 Pa.C.S. § 780-113(a)(13).

[2] 35 Pa.C.S. § 780-113(a)(14).

fraud,[3] identity theft,[4] conspiracy to commit insurance fraud and identity theft,[5] corrupt organizations,[6] and dealing in unlawful proceeds.[7] We affirm.

The trial court set forth the following factual and procedural history:

> Over a nearly two-year period beginning in early 2010, [Appellant], a then practicing physician, unlawfully prescribed tens of thousands of pills from his office in Souderton, Montgomery County, acting as a source of Oxycodone and Adderall for drug-addicted patients. [Appellant] committed identity theft during this period, as well, by agreeing to write prescriptions in the name of a patient's wife for insurance purposes and engaged in insurance fraud by billing insurance companies for medical care he did not provide. He also dealt in the proceeds of unlawful activity and participated in a corrupt organization with his son/co-defendant, Michael Ruth, who served as his father's office manager.
>
> A jury found [Appellant] guilty on November 22, 2013, of nine counts of prescribing a controlled substance to a drug dependent person, 10 counts of unlawful prescription of a controlled substance by a practitioner, insurance fraud, identity theft, conspiracy to commit insurance fraud and identity theft, corrupt organizations and dealing in unlawful proceeds. Prior to sentencing, one of [Appellant's] attorneys, Gregory Noonan,[9] was charged in Montgomery County with possession of a controlled substance with intent to deliver and related offenses.

---

[3] 18 Pa.C.S. § 4117(a)(2).

[4] 18 Pa.C.S. § 4120(a).

[5] 18 Pa.C.S. § 903.

[6] 18 Pa.C.S. § 911(b)(2).

[7] 18 Pa.C.S. § 5111(a)(1).

[9]    [Appellant] also was represented by John L. Walfish, Esq.

[Appellant] appeared at sentencing with new counsel.[8] [The trial court] sentenced [Appellant] to consecutive terms of five to [ten] years in prison on three of the convictions for unlawful prescription of a controlled substance by a practitioner. The total sentence imposed aggregated to 15 to 30 years in prison.[9] No further penalty was entered on the remaining 22 convictions. [Appellant] filed a post-sentence motion. He asserted his sentence was excessive under the circumstances, the prosecutor violated a duty to disclose that Noonan had been under investigation at or around the time of trial and he was denied the effective assistance of counsel because Noonan had an alleged conflict of interest. [The trial court] denied the motion without a hearing[.]

Pa.R.A.P. 1925(a) Opinion, 11/13/14 ("Opinion"), at 1-3 (most internal footnotes omitted). Appellant filed a timely notice of appeal. Both he and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issues on appeal:

Did the [t]rial [c]ourt err in denying [Appellant's] [p]ost[-s]entence [m]otion for an [e]videntiary [h]earing (in support of the [p]ost[-s]entence [m]otion for a [n]ew

---

[8] On June 5, 2014, the day of sentencing, new counsel filed a motion for extraordinary relief, seeking a new trial because Noonan was being investigated for drug-related offenses at the time of Appellant's trial. Defendant's Motion for Extraordinary Relief, filed June 5, 2014. On June 6, 2014, the trial court denied this motion. Order, 6/6/2014.

At sentencing and on appeal, Appellant and his son are both represented by Francis J. Genovese, Esq. of Mullaney & Mullaney.

[9] Appellant filed a motion to preclude the imposition of mandatory minimum sentence, which the trial court granted. N.T., 6/5/2015, at 5-6. The trial court, therefore, did not impose a mandatory minimum sentence. *Id.*

- 3 -

[t]rial), where his request for [p]ost[-s]entence [r]elief had at least arguable merit, on its face, thus necessitating that a hearing be held to more fully develop the record with respect to the violation of [Appellant's] Due Process rights as guaranteed by the Fourteenth Amendment to the United States Constitution?

Did the Trial Court err in denying [Appellant's] [p]ost[-s]entence [m]otion for a [n]ew [t]rial, where the Commonwealth violated [Appellant's] Due Process rights as guaranteed by the Fourteenth Amendment to the United States Constitution, when it failed to disclose to the Court that the District Attorney's Office was actively investigating [t]rial [c]ounsel for his involvement in the illegal distribution of narcotics while he was representing [Appellant] at the trial in the above-captioned matter?

Did the [t]rial [c]ourt abuse its discretion in sentencing [Appellant] to three consecutive terms of five (5) to ten (10) years of incarceration in a [s]tate [c]orrectional [i]nstitution, each of which constituted a sentence in the aggravated range of the Sentencing Guidelines, where the charges to which he was found guilty were not separate and distinct incidents of criminality, but rather one episodic and continuing course of criminal conduct?

Appellant's Brief at 4.

Appellant's first two issues are based on the same underlying claim, that the Commonwealth violated Appellant's due process rights under the Fourteenth Amendment to the United States Constitution when it failed to inform the trial court and Appellant that the District Attorney's Office was investigating Noonan, [Appellant's] attorney, for distribution of narcotics. Appellant's Brief at 16-17, 21-22, 24-25, 29-31. Appellant claims the trial court erred when it denied his post-sentence motion raising the due process claim and erred in failing to hold an evidentiary hearing on the claim. *Id.* at 24-25, 31.

We review a trial court's denial of a post-sentence motion requesting a new trial for abuse of discretion. *Commonwealth v. Brooker*, 103 A.3d 325, 332 (Pa.Super.2014). Similarly, the trial court has discretion as to whether to conduct a hearing on a post-sentence motion. *See* Pa.R.Cr.P. 720(b)(2)(B) ("The judge shall also determine whether a hearing or argument on the motion is required, and if so, shall schedule a date or dates certain for one or both."). An abuse of discretion "is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will . . . discretion is abused." *Brooker*, 103 A.3d at 332 (quoting *Commonwealth v. Fortenbaugh*, 69 A.3d 191, 193 (Pa.2013)).

"To constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial." *Commonwealth v. Busanet*, 54 A.3d 35, 64 (Pa.2012) (quoting *Commonwealth v. Hanible*, 30 A.3d 426, 465 (Pa.Super.2011)).

Appellant claims the Commonwealth had a duty to disclose to the trial court and/or Appellant that Noonan, Appellant's trial counsel, was under investigation for involvement in illegal drug trafficking. Appellant's Brief at 29-30. He notes that the crimes for which Noonan was charged occurred on November 23, 2013, the day after a jury convicted Appellant of the afore-mentioned charges, and on December 20, 2013, and claims the investigation

began before or during Appellant's trial. *Id.* at 7. He maintains that, because Noonan was under investigation during Appellant's trial for illegal activities similar to the crimes for which Appellant was charged, Noonan had a conflict of interest, and the Commonwealth had a duty to disclose this conflict. *Id.* at 16-17, 21-22, 24-25, 30-31. He maintains the Commonwealth's failure to disclose the conflict prevented Appellant from receiving a fair trial. *Id.* We disagree.

The trial court found: Appellant did not cite any case law imposing a duty on a prosecutor to inform the court that a defendant's attorney was under investigation for narcotics distribution; the Pennsylvania Rules of Professional Conduct and the American Bar Association's Standards on Prosecutorial Investigations were not controlling when determining whether a constitutional violation occurred; and a prosecutor was not constitutionally required to disclose an attorney's potential conflict of interest. Opinion, at 4-5.[10]

_____

[10] Appellant maintains the Commonwealth violated his due process right to a fair trial because it did not inform him or the trial court of a criminal investigation of his attorney's conduct, which, he alleged, the Commonwealth was required to do because the investigation created a conflict of interest. Because we find that, under the circumstances present here, the prosecutor had no duty to disclose the criminal investigation, we need not determine whether a conflict of interest existed. We note, however, that, unlike **United States v. Fulton**, 5 F.3d 605 (2nd Cir. 1993), relied upon by Appellant, no trial witness implicated Noonan in illegal activity. Further, there is no suggestion that Noonan and Appellant were engaged in criminal activity together, or that they were a part of the same conspiracy. *See Commonwealth v. Duffy*, 394 A.2d 965, 968 (Pa.1978)
*(Footnote Continued Next Page)*

The trial court acted within its discretion in denying the motion for a new trial. The Commonwealth did not violate Appellant's Fourteenth Amendment due process right to a fair trial when it failed to disclose to the trial court or Appellant that Appellant's attorney was under criminal investigation, particularly because no trial witness possessed information relevant to the investigation of Appellant's attorney, the investigation did not implicate Appellant, and the Commonwealth had not yet established whether Appellant's counsel had engaged in any illegal activity. *See, e.g., United States v. Morelli*, 169 F.3d 798, 812 (3d Cir.1999) (prosecutor's failure to inform court of conflict does not require reversal); *United States v. Cerro*, 872 F.2d 780, 787 (7th Cir.1989) (prosecutor not constitutionally required to advise court of potential conflict of interest).

Further, the trial court acted within its discretion in denying Appellant's request for an evidentiary hearing. The trial court concluded:

> Here, disposition of the post-sentence motion did not necessitate a hearing. As discussed more fully below, [Appellant] presented no controlling authority for his claim that the prosecution had an obligation to disclose an investigation into Noonan.[10] Similarly, the motion did not present a meritorious basis for [the trial court] to upset the sentence imposed. [The trial court], therefore, did not abuse its discretion in disposing of the post-sentence motion without a hearing.[11]

*(Footnote Continued)* ────────────────

(conflict existed where witness claimed trial counsel and prosecutor knew Commonwealth witness claimed counsel was to be paid for his legal services with stolen guns, which were "fruits of the crime" ).

10      Because [Appellant] failed to present any controlling authority for his contention that the prosecution owed a duty to disclose the investigation, [the trial court] did not consider the affidavit and other exhibits attached to the Commonwealth's answer to the post-sentence motion.

11      [Appellant] also included in his post-sentence motion a claim that Noonan was ineffective due to an alleged conflict of interest. The reasons this court disposed of that claim without a hearing included the premise that a challenge to counsel's ineffectiveness generally must await collateral review. ***See, e.g., Commonwealth v. Britt***, 83 A.3d 198, 203-204 (Pa.Super.2013) (stating that direct appeal consideration of ineffectiveness claims not warranted where, as here, the issue involves non-record based claims and the defendant has not waived further post-conviction review). It also bears mentioning that [Appellant] did not allege a connection between his criminality and Noonan's misconduct, such that a conflict existed, nor did he cite to any instance in the trial record where he believes Noonan's performance was affected by a conflict of interest. Moreover, defendant also was actively represented at trial by John L . Walfish, Esq.  In any event, [Appellant] has not included a challenge to Noonan's effectiveness in his concise statement; thus, it is waived. ***See*** Pa. R.A.P.  1925(b)(4)(vii) (stating that issues not included in concise statement are waived).

Opinion, at 4 (internal footnotes omitted).  We find no abuse of discretion with the trial court's determination.

Appellant's third claim challenges the discretionary aspects of his sentence.

"Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." ***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa.Super.2011) (citing ***Commonwealth v. Sierra***, 752 A.2d 910,

912 (Pa.Super.2000)). Before this Court can address a discretionary challenge, we must engage in a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super.2013) (quoting *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super.2006)); *see also Allen*, 24 A.3d at 1064.

Appellant timely filed his notice of appeal and included a concise statement of reasons in his appellate brief. Further, he raised an excessiveness claim in his post-sentence motion. His post-sentence motion, however, did not raise a claim that the trial court failed to consider mitigating factors or Appellant's rehabilitative needs.

Appellant's brief contains a statement of reasons relied upon for allowance of appeal pursuant to Pennsylvania Rule of Appellate Procedure 2119(f). Appellant's Brief at 13-15. Appellant maintains the trial court failed to properly consider the information contained in the pre-sentence investigation report, including Appellant's history and characteristics and his rehabilitative needs. *Id.* at 14. He notes the trial court sentenced Appellant to three consecutive, aggravated range sentences, for a total aggregate sentence of not less than 15 nor more than 30 years' imprisonment. *Id.* at 15. He argues the sentence was "manifestly unreasonable, unduly excessive

and extremely vindictive; considering that the charges to which [Appellant] was found guilty were not separate and distinct incidents of criminality, but rather one episodic and continuing course of criminal conduct." *Id.* at 15.

Although Appellant's post-sentence motion and Pa.R.A.P. 1925(b) statement challenge the sentence as excessive, they do not allege the trial court failed to consider mitigating circumstances. *See* Concise Statement of Matters Complained of on Appeal ("Did the Trial Court abuse its discretion in sentencing [Appellant] to three consecutive terms of five (5) to ten (10) years of incarceration; each of which constituted a sentence in the aggravated range of the Sentencing Guidelines, where the charges to which he was found guilty were not separate and distinct incidents of criminality, but rather one episodic and continuing course of criminal conduct?"); Appellant's Post-Sentence Motion for Relief (arguing: imposition of consecutive sentences in aggravated range was excessive and unreasonable; sentence cruel and unusual due to age, lack of prior history and conviction for non-violent offense; and weighing of the factors favors a lesser sentence). Appellant, therefore, waived his argument that the trial court failed to consider mitigating factor or his rehabilitative needs.

We next must address whether Appellant's claim the trial court abused its discretion when it imposed consecutive, aggravated range sentences raises a substantial question. "The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa.Super.2011)

(quoting **Commonwealth v. Fiascki**, 886 A.2d 261, 263 (Pa.Super.2005)). A substantial question exists where a defendant raises a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process. **Commonwealth v. Naranjo**, 53 A.3d 66, 72 (Pa.Super.2012) (quoting **Commonwealth v. Crump**, 995 A.2d 1280, 1282 (Pa.Super.2010)).

A claim of excessiveness based on the imposition of consecutive sentences does not raise a substantial question, unless the imposition of consecutive sentences raises the "aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." **Commonwealth v. Mastromarino**, 2 A.3d 581, 587 (Pa.Super.2010).[11] Because the aggregate sentence imposed, 15-30 years' imprisonment, does not facially appear excessive in light of the criminal conduct for which Appellant was convicted, Appellant's claim that the trial court abused its discretion by imposing consecutive sentences in the

---

[11] An excessiveness claim or challenge to consecutive sentences may raise a substantial question when raised in conjunction with a claim that the court failed to consider mitigating factors or rehabilitative needs. **See Commonwealth v. Caldwell**, --- A.3d ---, 2015 WL 3444594, at *4 (Pa.Super. May 29, 2015) (challenge to consecutive sentences as unduly excessive, together with claim court failed to consider rehabilitative needs raised substantial question); **Commonwealth v. Raven**, 97 A.3d 1244, 1253 (Pa.Super.2014) (excessiveness claim, together with claim court failed to consider mitigating factors, raised substantial question).

aggravated range of the sentencing guidelines does not raise a substantial question.

Further, even if we were to address the merits of the sentencing claim, the claim fails. "Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." *Crump*, 995 A.2d at 1282 (citing *Commonwealth v. Johnson*, 967 A.2d 1001 (Pa.Super.2009)). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id.* (citing *Commonwealth v. Walls*, 926 A.2d 957 (Pa.2007)).

"A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Crump*, 995 A.2d at 1283 (citing *Commonwealth v. Malovich*, 903 A.2d 1247 (Pa.Super.2006)). Further, "where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations." *Commonwealth v. Ventura*, 975 A.2d 1128, 1134 (Pa.Super.2009) (citing *Commonwealth v. Devers*, 519 Pa. 88, 101–102, 546 A.2d 12, 18–19 (1988)).

The trial court found:

> As for the imposition of consecutive sentences, the aggregate sentence is not excessive given the harm inflicted by [Appellant] upon numerous individuals, families

and the community as a whole. While [the trial court] considered [Appellant's] age, along with a number of other factors, a lesser sentence would have depreciated the seriousness of his devastating crimes. [Appellant's] suggestion that his crimes were not separate episodes that piled more and more harm upon his patients demonstrates his continued lack of remorse for his actions and a self-serving characterization of the ample trial evidence to the contrary. In any event, even had [Appellant] raised a substantial question regarding his sentence, he is not entitled to relief.

[The trial court] amply set forth on the record the bases for the sentence imposed. In particular, [the trial court] stated at the sentencing hearing:

> You are a danger to society if I have ever met [one]. You are more dangerous than a common criminal because you do act like and are, in fact, the quintessential old country doctor.

> And even though I have never lived in Souderton, I'm not exactly from the inner city. Okay? You are the old country doctor. You are perfect at that. There [are] two of you. There must be. Because the person I saw in here when pressed on cross-examination, you just didn't have the answers.

> An intelligent person like you, who is a physician, has to look at the amount of prescriptions you have written for the amount of pills that were given out for the times these people came to you that were obvious junkies. You heard them in the courtroom. You saw them.

> Doc, you got to give me another script because the dog ate the script. My kid put the script in his mouth. I need another one. So you just write another one, write another one, write another one. It was business as usual.

> You and Michael, you were a criminal enterprise. These people weren't making it up. You are not the victim. You are just making money off the suffering of others.

* * *

> You perpetuate the agony of these people that come in my courtroom. They're destroying our society because you keep the wheel turning. You are the supplier. And that is what I find so baffling.

> You know what it is like? The DA said it or alluded to it. What you do by feeding this and fueling this disease, these diseased people, and they commit crime, it is like throwing a stone in a lake and you see the ripple effect. It is generational, the destruction it causes a family.

> That one kid that came in here talking about his mom, he came to get pills for his mom and you guys wrote him the script. He is living in a car, he had to give [up] his pets, this little boy, because his mom was a junkie.

> And where did she get her pills from? Dr. Ruth.

(N.T. 6/5/ 14, pp. 50-53).

The [trial court] also stated on the record that he had the benefit of a pre-sentence investigation report, considered the information [Appellant] gave about himself during his trial testimony and allocution and noted the [trial court's] familiarity with the circumstances of the case, having been the trial judge. (*Id.* at 53)

[The trial court] court further stated that it sentenced [Appellant] in the aggravated range because there were multiple convictions, the crimes involved drug trafficking, [Appellant] demonstrated no remorse, there were multiple victims and the victims were in [Appellant's] care. (*Id.* at 54) [Appellant's] claim, therefore, that [the trial court] erred in fashioning its sentence is without merit.

Opinion, at 8-9. After a thorough review of the sentencing transcript, we find the trial court did not abuse its discretion in sentencing Appellant to consecutive, aggravated range sentences.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/23/2015